# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN FEINGOLD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 25-1936** |
| | : | |
| **ERIE INSURANCE EXCHANGE** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                 **July 31, 2025**

      Former attorney Allen Feingold continues to pursue a claim arising from injuries to his former personal injury client arising from car accidents nineteen and twenty years ago. He pursues claims against an insurer and its lawyers under an alleged 2018 assignment of his former client's rights. Courts repeatedly rejected his theories. So he filed another suit here invoking our diversity jurisdiction. He alleges he is a Florida citizen and the insurer, founded in Pennsylvania, now has offices here. He also invokes our federal question jurisdiction under the civil rights laws, the Fair Housing Act, and the Americans with Disabilities Act. We dismissed his first attempt to invoke our limited jurisdiction with leave to amend. He returned with two more prolix complaints and eventually narrowed his facts. But he still does not plead how we can exercise subject matter jurisdiction. We cannot reach the merits of the insurer's several merit-based arguments raised in its Motion to dismiss if we lack subject matter jurisdiction at the outset. We dismiss Mr. Feingold's third amended Complaint without prejudice to timely amend, if he can, invoking either our diversity or federal question jurisdiction. He may otherwise pursue his claims in state court.

I. Alleged pro se facts

Attorney Allen Feingold represented Philadelphian Hilda Cid in personal injury lawsuits arising from two separate car accidents on May 10, 2005 and March 17, 2006.[1] He claimed his client suffered severe, continuing and/or permanent injuries requiring surgery, losses, and damages.[2] Ms. Cid then owned a car insurance policy issued by Erie Insurance Exchange "founded in Pennsylvania with major [sic] office in Pennsylvania and Ohio and is probably a corporation which regularly and substantially provides automobile insurance . . . within the Commonwealth of Pennsylvania."[3]

Mr. Feingold represented Ms. Cid "for years, but for personal reasons, after the above collisions, [she] sought representation from another lawyer, who after easily settling both liability cases lost interest regarding her substantial and continuing" uninsured and/or underinsured motorist claims.[4] Ms. Cid then hired Attorney Elliot Tolan as her substitute counsel to address the remainder of her claims, but Erie delayed her recovery for over ten years.[5] Erie agreed to enter arbitration with Ms. Cid on her remaining claims.[6] Ms. Cid assigned her claims to Mr. Feingold on October 18, 2018.[7] State court judges and Erie prevented Mr. Feingold from vindicating Ms. Cid's interests (and, later, vindicating his own assigned interests) from 2015 to the present.[8] Mr. Feingold's harm "is based on the transfer of contract agreements, laws, and/or obligation, [sic] which are allowed to be transferred, even to a lawyer who has lost his legal license[.]"[9]

II. Analysis

Allen Feingold sued Erie Insurance in mid-April 2025 alleging our limited subject matter jurisdiction under both diversity jurisdiction and federal question theories.[10] We dismissed Mr. Feingold's Complaint on May 29, 2025 finding we lacked subject matter jurisdiction, as Mr. Feingold had not pleaded a federal question or a basis for diversity jurisdiction.[11] We found his allegations under federal civil rights statutes, the Fair Housing Act, and the Americans with

Disabilities Act lacked factual support. We also found Mr. Feingold did not establish a basis for diversity jurisdiction because he did not clearly plead his own citizenship and did not specify Erie's citizenship or the amount in controversy. We granted Mr. Feingold leave to amend to state a basis for our subject matter jurisdiction and articulate coherent claims. Mr. Feingold returns with a third amended Complaint after filing amended complaints which did not comply with our Policies.[12]

Mr. Feingold again brings claims against Erie for breach of Ms. Cid's insurance contract, negligent misrepresentation, civil conspiracy, fraud, bad faith, infliction of emotional distress, and defamation.[13] Mr. Feingold also brings claims for Fifth and Fourteenth Amendment due process and equal protection violations against Erie under federal civil rights laws, the Fair Housing Act, and the Americans with Disabilities Act.[14] Erie moves to dismiss Mr. Feingold's third amended Complaint arguing Mr. Feingold has no standing to bring suit because a Pennsylvania court voided his assignment of rights from Ms. Cid; Mr. Feingold's claims are barred by *res judicata*; Mr. Feingold's claims are barred by the applicable statutes of limitations; and Mr. Feingold does not plead facts in support of his claims.[15]

We agree with Erie we must dismiss Mr. Feingold's third amended Complaint, albeit for different reasons. We still cannot find a basis for our limited subject matter jurisdiction so we cannot proceed to analyze the merits of Mr. Feingold's claims.[16] Mr. Feingold has not established we enjoy diversity jurisdiction over this controversy because he still does not plead Erie's citizenship. And Mr. Feingold has not established we enjoy federal question jurisdiction over this controversy because he still does not plead a federal claim. We dismiss this matter for lack of subject matter jurisdiction without prejudice to Mr. Feingold having a fourth and final opportunity to amend his Complaint in federal court to plead a basis for our subject matter jurisdiction.

3

### A. Mr. Feingold does not plead a basis for federal question jurisdiction.

Mr. Feingold does not allege facts to support federal question jurisdiction. Congress through section 1331 grants us "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[17]

Mr. Feingold alleges he sues private actor Erie Insurance for Fifth and Fourteenth Amendment due process and equal protection violations under federal civil rights laws, the Fair Housing Act, and the Americans with Disabilities Act.[18] We consider his inability to plead facts in support of each claim in turn.

Mr. Feingold does not plead a federal civil rights claim. Congress through section 1983 of its civil rights statute provides "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"[19] A claim under section 1983 must allege: (1) the complained-of conduct was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.[20] Mr. Feingold does not plead Erie Insurance is a state actor. In any event, "the United States Supreme Court has held that private insurers are not deemed state actors or considered to be acting under color of state law[.]"[21] So Mr. Feingold does not plead a federal civil rights claim.

Mr. Feingold does not plead a federal civil rights conspiracy claim under section 1985 for the same reason and others. Congress through section 1985 prohibits conspiracies to interfere with civil rights. If Mr. Feingold intends to bring a claim under section 1985(3), he must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person

4

or property or deprived of any right or privilege of a citizen of the United States."[22] Again, Mr. Feingold does not allege a fact allowing us to plausibly infer a conspiracy claim under any subsection of section 1985, including the identification of two or more persons conspiring to do anything prohibited by the statute.

Mr. Feingold does not plead a claim for attorney's fees under section 1988. Congress through section 1988 does not confer an independent cause of action for attorney's fees; it simply allows the award of "a reasonable attorney's fee" to the "prevailing party" in civil rights cases brought under sections 1983 and 1985.[23] It is not an independent basis for our jurisdiction.

Mr. Feingold does not plead a Fair Housing Act claim. Congress, through the Fair Housing Act, prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."[24] Congress confers a private right of action on individuals aggrieved by housing discrimination.[25] To establish a prima facie case under section 3604(b) of the Fair Housing Act, Mr. Feingold must show either "the challenged actions were motivated by intentional discrimination or that the actions had a discriminatory effect on a protected class, regardless of motivation."[26] Mr. Feingold does not allege facts allowing us to plausibly infer a claim for discrimination, to find Erie is his landlord, or to find Erie is otherwise providing him housing covered by this federal statute. Mr. Feingold does not plead a Fair Housing Act claim.

Mr. Feingold does not plead an Americans with Disabilities Act claim. Congress passed the Americans with Disabilities Act to address discrimination against disabled persons.[27] Subchapter I of the Act prohibits discrimination in employment.[28] Subchapter II prohibits discrimination in public services by a public entity.[29] A "public entity" is defined as a State or local

government; any department, agency, or instrumentality of a State or local government; and the National Railroad Passenger Corporation and any "commuter authority."[30] Subchapter III prohibits discrimination in public accommodations such as restaurants, hotels, places of public gathering, shopping centers, banks, museums, schools, and places of recreation and prohibits discrimination in "specified public transportation services" provided by a private entity in the business of transportation whose operations affect commerce.[31] Mr. Feingold does not allege a fact allowing us to plausibly infer a claim under any subchapter of the Americans with Disabilities Act.

Mr. Feingold does not plead a federal claim forming a basis for our limited subject matter jurisdiction.

### B.  Mr. Feingold does not plead a basis for diversity jurisdiction.

We also lack diversity jurisdiction as we have no basis to confirm Erie Insurance's citizenship. Mr. Feingold does not allege facts to support diversity jurisdiction. Congress grants us subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States[.]"[32]

Mr. Feingold alleges he is a citizen and resident of Florida.[33] In support, he explains he has lived in Florida for thirty years, is registered to vote in Florida, and even filed for bankruptcy in Florida.[34] A "natural person" is a citizen of the state where he is domiciled for purposes of diversity jurisdiction.[35] "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'"[36] Mr. Feingold explains he resides and votes in Florida and therefore concludes he is a citizen of Florida. These pleaded facts are sufficient to establish his Florida citizenship for the purposes of determining whether we enjoy diversity jurisdiction.

6

But we do not know about Erie Insurance. Mr. Feingold alleges Erie Insurance is "an insurance company that was founded in Pennsylvania with major [sic] office in Pennsylvania and Ohio and is probably a corporation which regularly and substantially provides automobile insurance . . . within the Commonwealth of Pennsylvania."[37] A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business.[38] Mr. Feingold did not allege Erie Insurance's state of incorporation or its principal place of business, so we cannot determine its citizenship. Without this information we cannot find we have diversity jurisdiction and cannot consider the merits of Mr. Feingold's claims.

### III.     Conclusion

Mr. Feingold's third amended Complaint, even as amended, contains difficult to decipher allegations and seems to be barred by *res judicata*. But we cannot consider the merits of his third amended Complaint because Mr. Feingold still has not established a basis for our limited subject matter jurisdiction. We grant Mr. Feingold leave to amend a fourth and ***final*** time, should he choose to, to plead narrowly tailored claims within our limited subject matter jurisdiction. We urge Mr. Feingold to study the *res judicata* concerns raised by Erie before timely filing a fourth amended Complaint properly invoking our limited subject matter jurisdiction.

---

[1] ECF 20 at 3–6.

[2] *Id.* at 4, 6.

[3] *Id.*

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.* at 7.

[7] *Id.*

[8] *Id.* at 7–10.

---

[9] *Id.* at 7.

[10] ECF 2.

[11] ECF 9.

[12] *See* ECFs 2, 9, 12, 15, 18, 19.

[13] ECF 20.

We note it appears all of these causes of action have already been adjudicated and dismissed in state court. *See Cid v. Erie Ins. Grp.*, No. 853 EDA 2018, 2018 WL 6176656 (Pa. Super. Ct. 2018) (affirming Erie's summary judgement on Ms. Cid's claim for the 2006 accident); *Cid v. Erie Ins. Exch.*, 270 A.3d 1145 (Pa. Super. Ct. 2021) (affirming Erie's arbitration award on Ms. Cid's claim for the 2005 accident); *Cid v. Erie Ins. Grp.*, 324 A.3d 1255 (Pa. Super. Ct. 2024) (affirming Erie's summary judgment as to Cid's bad faith claim for the 2005 and 2006 accidents); *Feingold v. McCormick & Priore PC*, 240 A.3d 162 (Pa. Super. Ct. 2020) (upholding trial court's decision voiding assignment of Ms. Cid's rights to Mr. Feingold). We further note Mr. Feingold previously sued Erie and its defense counsel before us on the same claims and voluntarily dismissed his suit after refusing to engage with opposing counsel in discovery. *See Feingold v. McCormick & Priore, P.C. et. al.*, No. 18-4990 (E.D. Pa. Nov. 19, 2018). Mr. Feingold has a history of filing suits on behalf of his clients under assigned rights since he has been disbarred without success. *See, e.g.*, *Feingold v. Liberty Mut. Grp.*, 562 F. App'x 142, 144 (3d Cir. 2014) ("We need not repeat the District Court's comprehensive and well-reasoned analysis that claims under . . . Pennsylvania's bad faith statute are not assignable in this context.").

[14] 42 U.S.C. §§ 1983, 1985, and 1988; 42 U.S.C. § 3604; 42 U.S.C. § 12101 *et seq.*

[15] ECF 21.

The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare

recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[16] *Larsen v. Senate of the Commw.*, 152 F.3d 240, 245 (3d Cir. 1998) (citation omitted) ("[A] court that is without proper jurisdiction cannot proceed at all, and must merely note the jurisdictional defect and dismiss the suit.").

[17] 28 U.S.C. § 1331.

[18] ECF 20; 42 U.S.C. §§ 1983, 1985, 1988; 42 U.S.C. § 3604; 42 U.S.C. § 12101.

[19] 42 U.S.C. § 1983.

[20] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citation omitted).

[21] *Simpson v. Good 2 Go*, No. 19-1756, 2019 WL 5067477, at *4 (M.D. Pa. Oct. 9, 2019) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 43 (1999)); *see also Torres v. Cnty. of Essex*, No. 17-7169, 2018 WL 5729911, at *5 (D.N.J. Nov. 2, 2018) (citing *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50–58) (the Supreme Court has clarified "insurance companies, even when processing claims under state statutory regimes, are not considered state actors or to be acting under color of state law, and thus may not be sued under § 1983").

[22] *Davis v. Wigen*, 82 F.4th 204, 214 (3d Cir. 2023) (quoting *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983)).

[23] *Carpenter v. Ashby*, 351 F. App'x 684, 687 (3d Cir. 2009).

[24] 42 U.S.C. § 3604(b).

[25] *Id.* § 3613(a)(1)(A).

[26] *Mitchell v. Walters*, No. 10-1061, 2010 WL 3614210, at *6 (D.N.J. Sept. 8, 2010) (first citing *Cmty. Svcs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005); then citing *Doe v. City of Butler, Pa.*, 892 F.2d 315, 323 (3d Cir. 1989)).

[27] 42 U.S.C. § 12101.

[28] *Id.* §§ 12111–17.

[29] *Id.* §§ 12131–65.

[30] *Id.* §§ 12131.

[31] *Id.* §§ 12181–89.

[32] 28 U.S.C. § 1332(a).

[33] ECF 20 at 6.

[34] *Id.* at 28.

[35] *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) (quoting *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

[36] *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

[37] ECF 20 at 6.

[38] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks*, 592 F.3d at 419).