IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN FEINGOLD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 25-1936** |
| | : | |
| **ERIE INSURANCE EXCHANGE** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                         September 25, 2025

A women injured in car accidents in 2005 and 2006 allegedly sold her claims against her insurer to her former, and then, disbarred attorney in 2018. The disbarred attorney then tried to bring the former client's claims against the client's insurer to pursue insurance benefits. He sued the insurer in state court. A Pennsylvania trial judge and the Pennsylvania Superior Court found the former client's sale of her claims against the insurer to be invalid depriving the disbarred lawyer of standing. The disbarred attorney disregards the Pennsylvania final orders and now again sues his former client's insurer. We afforded him four chances to plead a claim. He cannot do so. He still lacks standing to assert claims against his former client's insurer as a matter of law. We dismiss his latest attempt with prejudice.

**I.     Alleged facts and public record**

Hilda Cid suffered injuries in two separate car accidents on May 10, 2005, and March 17, 2006.[1] She sought recovery for her losses from her car insurance policy she purchased from Erie Insurance.[2] Ms. Cid and Erie agreed the policy covered uninsured and underinsured motorist claims, medical disability, and lost wages.[3] Ms. Cid's lawyer settled her cases against the other drivers but then "lost interest" in seeking recovery from Erie Insurance for insurance claims

under her policy.[4] Ms. Cid then hired Elliot Tolan as substitute counsel to handle her remaining claims.[5]

Ms. Cid sued Erie Insurance in Pennsylvania state court in 2015 after years of failed arbitration.[6] She brought claims for breach of contract, fraud, bad faith, abuse of process, and civil conspiracy.[7] She alleged Erie Insurance put up "roadblocks" to hinder her recovery under her insurance policy's uninsured motorist provisions.[8] Ms. Cid continued to litigate the case until July 2024 when the Pennsylvania Superior Court affirmed Judge Hangley's order granting Erie Insurance's fourth motion for summary judgment and dismissing Ms. Cid's last remaining claim from the case she filed nearly a decade earlier.[9]

But somehow amidst her ongoing litigation against Erie Insurance, Ms. Cid signed an assignment agreement with Mr. Feingold on October 8, 2018.[10] She assigned him all claims arising from her two car accidents in exchange for his previous legal representation.[11] The agreement "assign[ed], contract[ed], and transferr[ed] to [Mr.] Feingold one hundred (100%) pe[r]cent of [Ms. Cid's] claims for bad faith, breach of contract, damages, losses, property damage and other losses and improprieties that [she] possess[es] against . . . Erie Insurance Company."[12]

Mr. Feingold (as a disbarred attorney) then filed a praecipe in Ms. Cid's state court case in March 2019.[13] He sought to substitute himself as the plaintiff based on the assignment.[14] No party challenged the substitution and both Mr. Feingold and Ms. Cid continued to participate in Ms. Cid's litigation.[15]

Mr. Feingold next personally sued Erie Insurance, its outside counsel, and other related parties on August 6, 2019 in Pennsylvania state court.[16] He brought a litany of claims based on the 2018 assignment, including breach of contract, negligent misrepresentation, abuse of process,

2

fraud, defamation, infliction of emotional distress, and bad faith.[17] Judge Arnold dismissed the case with prejudice, finding the assignment invalid and Mr. Feingold lacked standing.[18] Judge Arnold also noted Mr. Feingold's claims were "identical to those found in Ms. Cid's ongoing case."[19] The Pennsylvania Superior Court affirmed.[20]

Mr. Feingold has filed similar lawsuits in both state and federal court over the past fifteen years based on purported assignment of rights from former clients.[21] Our Court of Appeals found Mr. Feingold lacks standing to bring claims on behalf of others and held his assignments invalid because the "Pennsylvania Supreme Court has determined that Pennsylvania law does not permit the assignment of a cause of action to recover for personal injuries."[22]

## II. Analysis

Allen Feingold now sues Ms. Cid's insurer Erie again before us.[23] We dismissed his Complaint finding we lacked subject matter jurisdiction, as Mr. Feingold had not pleaded a federal question or a basis for diversity jurisdiction.[24] We granted Mr. Feingold leave to amend to state a basis for our subject matter jurisdiction.[25] Mr. Feingold returned with a second amended Complaint which we struck as noncompliant with our Policies followed by a third amended Complaint.[26] We dismissed Mr. Feingold's third amended Complaint again finding he did not sufficiently plead our subject matter jurisdiction and granted him one final leave to amend.[27] We found Mr. Feingold still did not plead a federal claim nor had he established diversity jurisdiction because he still did not plead Erie's citizenship.[28] Mr. Feingold returns with his fourth amended Complaint now before us.[29]

Mr. Feingold now brings repetitive claims against Erie Insurance for breach of Ms. Cid's insurance contract, negligent misrepresentation, civil conspiracy, fraud, bad faith, infliction of emotional distress, and defamation.[30] He also claims private insurer Erie violated Ms. Cid's Fifth

and Fourteenth Amendment due process and equal protection rights.[31] Many of these claims are the same as those he brought in his state court action. Erie Insurance moves to dismiss the fourth amended Complaint arguing Mr. Feingold has no standing to bring suit because a Pennsylvania court voided his assignment of rights from Ms. Cid; Mr. Feingold's claims are barred by *res judicata*; Mr. Feingold's claims are barred by the applicable statutes of limitations; and Mr. Feingold does not plead facts in support of his claims.[32] We find Mr. Feingold sufficiently pleaded diversity jurisdiction to establish subject matter jurisdiction. But we must dismiss Mr. Feingold's claims with prejudice for lack of standing.

Standing is a threshold issue under Article III and must be established as a prerequisite to maintaining a federal action.[33] "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought."[34] Although Erie does not move to dismiss Mr. Feingold's claims under Federal Rule of Civil Procedure 12(b)(1), we must address standing *sua sponte* because Mr. Feingold's standing implicates our subject matter jurisdiction.[35] A plaintiff must establish privity of contract to bring a breach of contract claim under Pennsylvania law.[36] "Privity of contract exists when there is a connection or relationship which exists between two or more contracting parties."[37] Our Court of Appeals instructs "[i]t is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute create such a right."[38] Privity is a fundamental prerequisite; a third party may not sue the insurer absent a contractual relationship or recognized legal interest in the policy.

Mr. Feingold brings this lawsuit based on the purported 2018 assignment of Ms. Cid's claims against Erie Insurance arising from her two car accidents twenty years ago. Neither accident involved Mr. Feingold personally nor did he suffer an injury. Ms. Cid alone held the

relevant car insurance policy issued by Erie Insurance. Mr. Feingold did not buy the policy and identifies no statutory right or policy provision giving him the right to enforce it. He relies solely on the assignment to assert his claims here.

And he tried this same tactic before. But the Pennsylvania Superior Court invalidated this same assignment in 2020 in Mr. Feingold's state court action. He raised the same claims on the same facts in his state court case as he does here.[39] The Pennsylvania Superior Court held Ms. Cid's 2018 assignment of claims to Mr. Feingold violated Pennsylvania law.[40] The Superior Court affirmed Judge Arnold's finding the assignment formed the only basis for standing and upheld the dismissal of Mr. Feingold's complaint with prejudice because the assignment was invalid.[41] Mr. Feingold cannot rely on the 2018 assignment to establish standing in this cause because Pennsylvania courts have already held this exact assignment is void.

The validity of the assignment has been fully litigated and resolved. He is now precluded from relitigating this issue here. "Issue preclusion, formerly titled collateral estoppel, proscribes relitigation when the identical issue already has been fully litigated."[42] "Federal courts must 'give the same preclusive effect to state court judgments that those judgements would be given in the courts of the State from which the judgments emerged.'"[43] Pennsylvania courts apply issue preclusion when: "(1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.'"[44]

Mr. Feingold's latest attempt to use an invalidated assignment to bring claims is barred by issue preclusion. He cannot keep burdening courts with the same failed arguments. He had a

fair and full opportunity to argue in state courts. He lost again and again. The central issue in both this case and Mr. Feingold's state court action is the validity of the 2018 assignment to confer standing. The Pennsylvania Superior Court affirmed Judge Harvey's finding the assignment invalid and affirmed dismissal of Mr. Feingold's complaint with prejudice because he lacked standing. Mr. Feingold brought the state court action as the alleged assignee and stands in the same posture now. He litigated the validity of the assignment through appeal. Mr. Feingold cannot now relitigate an issue already resolved nor can he establish standing based on an assignment Pennsylvania courts repeatedly declared void.

### III.    Conclusion

Mr. Feingold's claims rest entirely on an assignment Pennsylvania courts repeatedly ruled invalid. He lacks a lawful basis to assert these claims. He lacks the required standing to maintain his lawsuit. We dismiss Mr. Feingold's fourth amended Complaint with prejudice.

---

[1] ECF 29 at 4.

[2] *Id*.

[3] *Id*.

[4] *Id*. at 3.

[5] *Id*.

[6] *Cid v. Erie Ins. Grp.*, No. 3041 EDA 2015, 2016 WL 6125669, *1 (Pa. Super. Ct. Oct. 20, 2016).

[7] *Id*.

[8] *Id.* at *3.

[9] *Cid v. Erie Ins. Grp.*, No. 1941 EDA 2023, 2024 WL 3508003, *1 (Pa. Super. Ct. July 24, 2024); s*ee also Cid v. Erie Ins. Exchange*, No. 150601874, 2023 WL 8173587, at *1 (Pa. Com. Pl. Sep. 12, 2023).

[10] ECF 29 at 37.

---

[11] *Id.*

[12] *Id.*

[13] *Cid v. Erie Ins. Grp.*, 2024 WL 3508003, at *2 n.3.

The Pennsylvania Supreme Court suspended Mr. Feingold's law license in 2006 for, among other things, "filing frivolous claims of fraud and civil conspiracy against opposing counsel." *Feingold v. Graff,* No. 12–1090, 2012 WL 2400998, *2 (E.D. Pa. June 26, 2012) (quoting *Feingold v. Hendrzak,* 15 A.3d 937, 939 n.1 (Pa. Super. Ct. 2011)). The Pennsylvania Supreme Court then disbarred Mr. Feingold in 2008 "because he 'failed to notify his clients of [the] disciplinary action and continued practicing law while suspended.'" *Id.*; *see also Feingold v. Off. of Disciplinary Couns.,* 415 F. App'x 429, 430 (3d Cir. 2011).

[14] *Cid v. Erie Ins. Grp.*, 2024 WL 3508003, at *2 n.3.

[15] *Id.*

[16] *Feingold v. McCormick & Piore, P.C.*, No. 3273 EDA 2019, 2019 WL 7598886, *1 (Pa. Com. Pl. Dec. 26, 2019).

[17] *Id.*

[18] *Id.* at *3–4.

[19] *Id.* at *1 n.1.

[20] *Feingold v. McCormick & Priore P.C.*, No. 3273 EDA 2019, 2020 WL 4728111, *4 (Pa. Super. Ct. Aug. 14, 2020).

[21] *See Feingold v. Hendrzak*, 15 A.3d 937 (Pa. Super. Ct. 2011); *Feingold v. State Farm Mut. Auto. Ins. Co.*, No. 11–6309, 2012 WL 1106653 (E.D. Pa. Apr. 3, 2012), *aff'd*, 517 F. App'x 87 (3d Cir. 2013); *Feingold v. Tesone,* No. 12–4695, 2012 WL 3956662 (E.D. Pa. Sep. 7, 2012), *aff'd*, 548 F. App'x 39 (3d Cir. 2013); *Feingold v. Liberty Mut. Grp.*, 847 F. Supp. 2d 772 (E.D. Pa. 2012), *aff'd*, 562 F. App'x 142 (3d Cir. 2014); *Feingold v. Goddard*, No. 12–3442, 2014 WL 99860 (E.D. Pa. Jan. 16, 2014); *Feingold v. Palmer & Barr*, No. 18–4991, 2019 WL 9100332 (E.D. Pa. June 10, 2019), *aff'd*, 831 F. App'x 608 (3d Cir. 2020).

[22] *Feingold v. Liberty Mut. Grp.*, 562 F. App'x at 144.

[23] Mr. Feingold previously sued Erie Insurance, its outside counsel, and other related parties in this court in November 2018. He again relied on the 2018 assignment to bring a bad faith claim. *See Feingold v. McCormick & Priore, et al.*, No. 18–4990, ECF 1. Questions arose about subject matter jurisdiction. *Id.* at ECF 24. Mr. Feingold voluntarily dismissed the case. *Id.* at 36.

[24] ECFs 2, 9.

---

[25] ECF 9.

[26] ECFs 12, 15, 20.

[27] ECF 23.

[28] *Id*.

[29] ECF 29.

[30] *Id*. at 11–21.

[31] *Id*. at 5, 33–34.

[32] ECF 30. The purpose of Rule 12(b)(6) is to test the sufficiency of the fact allegations in a complaint. *Sanders v. U.S.*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility . . . a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that . . . 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' . . . in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations . . . and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'. . ., we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[33] *Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (citing *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663 (2019)).Article III standing requires a plaintiff to demonstrate: "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022) (quoting *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020)).

[34] *Wayne Land & Min. Grp., LLC*, 959 F.3d at 574 (quoting *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017)).

[35] See *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our continuing obligation to assure that we have jurisdiction requires that we raise [the] issue[ ] of standing . . . *sua sponte*. ") (citation and internal quotation marks omitted). We evaluate motions to dismiss for lack of standing under Rule 12(b)(1)'s standards. *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) ("A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter" (quoting *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007))).

[36] *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 486 (E.D. Pa. 2016).

[37] *Id.* (quoting *Travelers Indem. Co. v. Mahiai*, 76 Pa. D & C.4th 34, 45 (Pa. Com. Pl. 2005)). An exception to the privity requirement grants "intended third party beneficiaries standing to pursue a breach of contract claim." *Republic Servs. of Pa., LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 476 (E.D. Pa. 2018) (citing *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744, 751 (1983)). For an intended third party beneficiary to recover on a contract, "both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Id.* (quoting *Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147, 149 (1992)). This exception is inapplicable here because Mr. Feingold neither asserts both Erie and Ms. Cid intended him to be a beneficiary nor points to any language in the policy expressing such an intention.

[38] *Holovich v. Progressive Specialty Ins. Co.*, 600 F. Supp. 3d 572, 579 (E.D. Pa. 2022) (quoting *Apalucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 632 (3d Cir. 1998)).

[39] *Feingold v. McCormick & Priore PC*, 2020 WL 4728111, at *3–4.

[40] *Id*. at *3. ("'An assignment is a transfer of property or a right from one person to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee.' *Crawford Cent. School Dist. v. Com.*, 585 Pa. 131, 136, 888 A.2d 616, 619 (2005). '[U]nder Pennsylvania state law, an unliquidated personal injury tort claim is not a property right and is not assignable.' *Chiropractic Nutritional Associates, Inc. v. Empire Blue Cross and Blue Shield*, 669 A.2d 975, 983 (Pa. Super. Ct. 1995). . . . [W]e do not permit the assignment of a cause of action to recover for personal injuries. . . . [S]uch assignments are void, in part, because a personal injury involves rights which are personal to the individual injured and are considered to be of concern only to the individual injured. *Hedlund Mfg. Co., Inc. v. Weiser,*

*Stapler & Spivak*, 517 Pa. 522, 525–26, 539 A.2d 357, 358–59 (1988) (internal citations omitted) (emphasis in original).")

[41] *Id.* at *4. Judge Arnold also relied on decisions in this District invalidating similar assignments in finding the 2018 assignment invalid. *See Feingold v. McCormick & Piore, P.C.*, 2019 WL 7598886, at *4 ("The United States District Court for the Eastern District of Pennsylvania, while applying Pennsylvania law, has previously invalidated similar assignments of non-personal injury related tort actions, including Bad Faith claims, involving [Mr. Feingold] and other former clients. *Feingold v. Tesone, et al.*, 2012 WL 3956662 (E.D. Pa. 2012). . . . *See also Feingold v. Liberty Mut. Group*, 847 F. Supp. 2d 772, 777 (E.D. Pa. 2012), *aff'd,* 562 Fed. Appx. 142 (3d Cir. 2014) (unpublished) ('A disbarred attorney cannot rely on a contingent fee agreement to pursue on his own behalf an unliquidated tort claim of a former client under § 8371. Feingold simply has not alleged an injury which is redressable under Article III.'). Just as many courts have in the past, this Court found [Mr. Feingold's] attempts to use questionable assignment techniques involving former clients invalid. As a result, [Mr. Feingold] lacked standing to raise any of his claims against any named Defendants [including Erie]. Even in the light most favorable to [Mr. Feingold], [he] cannot sustain any cause of action pled in the Complaint. The instant matter is just another example in the longstanding litany of inappropriate and unsupported cases filed by [Mr. Feingold].").

[42] *Bd. of Trustees of Trucking Emps. of N.J. Welfare Fund, Inc. - Pension Fund v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992).

[43] *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982))

[44] *Adelphia Gateway, LLC v. Pa. Env't Hearing Bd.*, 62 F.4th 819, 826 (3d Cir. 2023) (quoting *Rue v. K-Mart Corp.*, 552 Pa. 13, 713 A.2d 82, 84 (1998)).